UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIFETREE TRADING PTE., LTD.,
                           Plaintiff,

-v-

WASHAKIE RENEWABLE ENERGY,
LLC,
                           Defendant.

14-CV-9075 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Almost three years ago, Plaintiff LifeTree Trading Pte. Ltd. ("LifeTree") filed this action against Defendant Washakie Renewable Energy, LLC ("Washakie"), alleging breach of a $90 million contract for biofuel. Last month, this Court denied Washakie's eleventh-hour motion to compel arbitration, and Washakie appealed. Washakie now moves for a stay pending its appeal. For the reasons that follow, Washakie's motion is denied.

**I.    Background**

Familiarity with the underlying facts of this litigation, as set out in this Court's prior opinions, is presumed. *See LifeTree Trading Pte., Ltd. v. Washakie Renewable Energy, LLC*, No. 14 Civ. 9075, 2017 WL 2414805 (S.D.N.Y. June 2, 2017); *Lifetree Trading Pte., Ltd. v. Washakie Renewable Energy, LLC*, No. 14 Civ. 9075, 2015 WL 3948097 (S.D.N.Y. June 29, 2015). The Court briefly reiterates the facts necessary to resolve the pending motion.

LifeTree filed suit against Washakie and several individual defendants in November 2014. (Dkt. No. 1.) Washakie moved to dismiss in 2015, and LifeTree simultaneously moved for partial summary judgment on the issue of Washakie's liability for breach of contract. (*See* Dkt. Nos. 22, 28.) The Court granted in part the defendants' motion to dismiss but denied LifeTree's motion for summary judgment as to liability. *See Lifetree*, 2015 WL 3948097, at *5,

1

*7–9. In denying summary judgment, the Court relied heavily on sworn affidavits from Washakie's principals attesting to an oral condition precedent that required Washakie to obtain a line of credit from a Turkish bank. *See id.*

Two years of discovery followed. After all that time, Washakie finally revealed that the purported "condition precedent" was pure fabrication. "This bears repeating: The Kingstons submitted sworn statements to the Court admitting that their previous sworn statements to the Court were not true." *LifeTree*, 2017 WL 2414805, at *2.

LifeTree moved for sanctions, and—the issue of liability no longer contested—the parties cross-moved for summary judgment on damages. *See LifeTree*, 2017 WL 2414805, at *2. Recognizing that Washakie's principals' "continued fraud prolonged this action [and] forc[ed] costly and time-consuming discovery on what appeared to be a central issue in the case," the Court granted LifeTree's request for sanctions and ordered Washakie to pay LifeTree's attorney's fees and costs. *Id.* at *3.

The Court declined, however, to grant summary judgment on damages. The parties' experts had proposed "vastly divergent damages figures" ranging from $765,370 (Washakie's number) to $25,329,370 (LifeTree's number). *See id.* at *5. Concluding that a genuine dispute of material fact existed as to the date of default, the Court explained that damages "is an issue to be resolved by a jury at trial." *Id.* at *6.

As the Court was preparing to set a trial date, further delay ensued. In June 2017, defense counsel disclosed that Washakie was not paying its legal fees, and counsel moved for permission to withdraw from the representation. (*See* Dkt. Nos. 103, 105.) The Court granted that request and warned Washakie that it must retain new counsel within three weeks. (Dkt. No. 107.) New counsel filed an appearance at the last possible moment, on August 4, 2017 (*see* Dkt. No. 108),

and, through its new counsel, Washakie filed a written demand for a jury trial on September 15, 2017 (*see* Dkt. No. 112).

The Court then set a conference for September 29, 2017, for the purpose of setting a date for the jury trial. On the day before the conference, September 28—two weeks after filing its jury demand—Washakie filed a motion to compel arbitration. (*See* Dkt. No. 116.)

On September 29, 2017, the Court denied Washakie's motion from the bench, finding that Washakie's extensive participation in this litigation had waived any right it may have had to arbitrate. (Dkt. No. 119 ("Tr.") at 12:8–11; Dkt. No. 117.) Washakie then filed an interlocutory appeal from this Court's decision (Dkt. No. 121), and it now moves to stay proceedings while its appeal is pending (Dkt. No. 122).

## II. Discussion

During the pendency of an appeal from an order denying a motion to compel arbitration, "a district court . . . has jurisdiction to proceed with a case absent a stay from [the court of appeals]." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004). "[E]ither the district court or the court of appeals may—but is not required to—stay the proceedings upon determining that the appeal presents a substantial question." *Id.*

The decision to grant or deny such a stay is guided by four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)) (internal quotation marks omitted). "In deciding whether to grant the stay . . . the first and second factors are the 'most critical.'" *Meyer v. Kalanick*, 203 F. Supp. 3d 393, 395 (S.D.N.Y. 2016) (quoting *Nken*, 556 U.S. at 434).

3

### A. Likelihood of Success on the Merits

The first factor weighs decisively against Washakie. Its appeal is meritless.

"A party is deemed to have waived its right to arbitration if it 'engages in protracted litigation that results in prejudice to the opposing party.'" *S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2d Cir. 1998) (quoting *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993)). "Factors to consider include (1) the time elapsed from the commencement of litigation to the request for arbitration; (2) the amount of litigation (including exchanges of pleadings, any substantive motions, and discovery); and (3) proof of prejudice, including taking advantage of pre-trial discovery not available in arbitration, delay, and expense." *Id.*; *see also Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002) ("Generally, waiver is more likely to be found the longer the litigation goes on, the more a party avails itself of the opportunity to litigate, and the more that party's litigation results in prejudice to the opposing party.").

All of these factors line up against Washakie. First, this case has been in federal court for almost three years—much longer than many other cases in which courts have found waiver of the right to arbitrate. *See, e.g.*, *S & R Co.*, 159 F.3d at 83 (fifteen-month delay); *Com–Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 938 F.2d 1574, 1576 (2d Cir. 1991) (eighteen-month delay); *State Farm Mut. Auto. Ins. Co. v. McGee*, No. 10 Civ. 3848, 2012 WL 2394812, at *3 (E.D.N.Y. June 25, 2012) (eighteen-month delay); *Manos v. Geissler*, 321 F. Supp. 2d 588, 594 (S.D.N.Y. 2004) (seventeen-month delay). Second, LifeTree and Washakie are as far along in the course of litigation as they could possibly be. This case has gone through multiple motions to dismiss, extensive discovery, and multiple motions for summary judgment; and trial is scheduled to begin one month from the date of this Order. *See Com-Tech Assocs.*, 938 F.2d at 1578 (holding that "[t]he proximity of trial, as well as defendants' full participation in discovery,

4

including the deposition of seven plaintiffs, support the . . . conclusion that defendants had forfeited their contractual right to compel arbitration"). Third, Washakie has clearly engaged in prejudicial (and sanctionable) conduct to prolong the litigation. Indeed, as a direct result of Washakie's principals' misrepresentations under oath, the litigation was extended by two years. *See LifeTree*, 2017 WL 2414805, at *2–3.

In addition to its conduct constituting waiver, Washakie has twice *explicitly* submitted to this Court's jurisdiction. In the early stages of litigation, Washakie's Answer "admit[ed] the allegations in paragraph 13 of the Complaint" (Dkt. No. 59 ¶ 13), which stated that "[t]he parties have agreed in the Contract to submit to the Court's jurisdiction for purposes of resolving this dispute" (Dkt. No. 19 ¶ 13). More recently, Washakie demanded a jury trial in writing. (Dkt. No. 112.)

Washakie argues that it always intended to bifurcate the case—litigating the issue of liability in federal court, but submitting the question of damages to arbitration. (*See* Dkt. No. 122-1 at 8.) This is revisionist history. Washakie has actively litigated the question of damages from the inception of this case. Its preliminary motion to dismiss sought dismissal of LifeTree's claim for out-of-pocket damages. (*See* Dkt. No. 23 at 19.) Washakie's interrogatories and document requests included discovery into LifeTree's damages claim and calculation. (*See* Dkt. No. 81-7 at 5, 11.) Washakie took three depositions of LifeTree's fact and expert witnesses on the issue of damages. (*See* Dkt. Nos. 81-9, 81-10, 81-11.) Washakie prepared an expert report containing a damages calculation. (*See* Dkt. No. 88). And Washakie filed and briefed a motion for summary judgment *exclusively* on the issue of damages, in which it stated that "[w]hile there is no longer any dispute that a contract was formed between the parties . . . there is zero admissible evidence to support LifeTree's fanciful claim for damages." (Dkt. No. 90 at 1.) If

5

Washakie intended to arbitrate damages, then all this activity was a manifest waste of the Court's and the parties' resources. The idea that Washakie intended to waive arbitration only as to non-damages aspects of this case is fanciful.

In sum, Washakie has clearly waived any right it may have had to arbitrate. It has failed to make any showing that it is likely to succeed on the merits of its appeal, much less the "strong showing" necessary to support a request for a stay. *See Nken*, 556 U.S. at 426.

### B. Injury to Washakie, LifeTree, and the Public Interest

The second, third, and fourth factors also favor LifeTree.

As to the second factor, Washakie's briefing fails to identify any irreparable injury that might result from denial of a stay. The Court it thus left guessing. To the extent that Washakie's injury would come from the *outcome* of a trial, that injury is not irreparable. "Even if the . . . claim now before this Court were tried to judgment, any error in proceeding with it here rather than compelling arbitration could be corrected by the Court of Appeals vacating the judgment." *United States v. Stein*, 452 F. Supp. 2d 281, 283 (S.D.N.Y. 2006). And to the extent that Washakie's injury would come from the *cost* of defending itself at trial, Washakie is throwing stones from a glass house. Having already occasioned significant delay and expense through its principals' fraud on the Court, Washakie cannot now convincingly argue that continued litigation in federal court is unacceptably injurious. The party who improperly caused two years of unnecessary discovery cannot complain about a few additional months of litigation.

As to the third factor, LifeTree has shown that it would be harmed by a stay. As this Court has already explained, LifeTree has been patiently waiting for three years for its day in court. (*See* Tr. 13:13–18.) LifeTree has already been prejudiced by the improper conduct of Washakie's principals. Imposing the additional delay of a stay pending appeal would be manifestly unfair.

Finally, as to the fourth factor, the public interest favors a speedy resolution of this case in federal court once and for all. Washakie has already admitted liability, and its request for a stay pending appeal is only the latest in a series of foot-dragging tactics designed to postpone adjudication of damages. "[T]here is an overwhelmingly strong public interest in . . . ensuring that [the defendant] at last complies with [its] legal obligations." *Cordius Tr. v. Kummerfeld*, No. 99 Civ. 3200, 2010 WL 234823, at *2 (S.D.N.Y. Jan. 21, 2010). After three years of litigation—made unnecessarily lengthy due to the sanctioned conduct of Washakie's principals—and on the eve of trial, the Court will not abet Washakie's last-ditch effort to further delay LifeTree's recovery.

### III. Conclusion

For the foregoing reasons, Washakie's motion to stay the proceeding is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 122.

SO ORDERED.

Dated: October 27, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge